per curiam: Plaintiff, a renal dialysis center, seeks reimbursement of expenses it allegedly incurred under Part B of the Medicare Program. Citing United States v. Erika, 456 U.S. 201 (1982), defendant moves to dismiss the petition. We grant that motion.
As we have said many times, e.g., Regents of the University of Colorado v. United States, ante at 914; Drennan v. United States, ante at 916; Berton Siegel, D.O., Ltd. v. United States, ante at 895; O’Keefe v. United States, ante at 804, the Supreme Court’s decision in Erika prevents this court from reviewing a hearing officer’s determination of the amount to be reimbursed under Part B of Medicare. Plaintiff makes another such request for review, but attempts to skirt Erika with the claim that the determination of the amount reimbursable was made unconstitutionally. It is now settled, however, that insubstantial constitu *969 tional claims do not avoid the Erika rule. See Regents of University of Colorado v. United States, ante at 914, and cases cited. Plaintiff contends that its constitutional claims are not insubstantial, but we find them to be so — for the most part they are within the types of claims found insubstantial heretofore. See id.
The one of plaintiffs constitutional claims that may not have been specifically dealt with in our previous orders is that, in its processing of plaintiffs demands for reimbursement, defendant has taken plaintiffs property without just compensation, and accordingly that recovery of such compensation may be had in this court under the fifth amendment. A major defect in this claim is that there is no reason to believe that, in enacting Part B of Medicare, Congress wished the United States to pay greater monetary compensation if administrative action under that statute, or part of the legislation, turned out to be invalid. Compare Part V of Paul v. United States, ante at 445, 687 F.2d 364 (1982), cert. denied, May 16, 1983. There are some situations in which Congress indicates (or assumes) that a possibly invalid statute should be upheld even if to do so requires the Federal Government to pay just compensation. See Railroad Reorganization Act Cases, 419 U.S. 102 (1974); Dames & Moore v. Regan, 453 U.S. 654 (1981). In other situations, Congress prefers that some executive action or a part of the Act be struck down via declaratory or injunctive relief, without saddling the United States with the payment of just compensation.
We think the present case falls into the latter category. Although Congress did not explicitly state that no claims could be brought for takings resulting from hearing officer’s decisions, it is clear that Congress did not want that decision to be a predicate for a monetary suit against the United States. See Erika. Congress did not want or provide for a disgruntled Medicare provider to sue the government whenever the amount reimbursed seemed too small. On the contrary, the provider is to receive from the United States exactly the amount determined to be appropriate by the hearing officer. Erika makes clear that this court is not to entertain Part B reimbursement claims whether they be placed on the statute or phrased as claims for just compen *970 sation. This does not necessarily mean that an aggrieved provider is wholly remediless if a constitutional violation has in fact occurred. Possibly, the provider may sue in district court challenging, in a declaratory or injunctive action, either the authority of the hearing officer to reimburse so poorly or the constitutionality of part of the Act itself. That issue is, of course, not before us.
In sum, the Act neither expresses nor implies a Congressional intent to effect compensable takings by the United States for which the United States is liable in this court. Because such a purpose is a prerequisite to a suit here for just compensation, Paul v. United States, supra, we lack the power to hear this suit.
Accordingly, the defendant’s motion is granted and the petition is dismissed, it is so ordered.